UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80294-CIV-MARRA

ALLAN J. DINNERSTEIN, M.D., and
ALLAN J. DINNERSTEIN, M.D., P.A.,

Plaintiffs,

vs.

REGIONAL PROGRAM COORDINATOR OF
THE VOLUNTEER HEALTH CARE PROVIDER
PROGRAM FOR PALM BEACH COUNTY, an
employee of the Florida Department of Health
sued individually, and DIANE L. CARLSON,
sued individually,

Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss Second Amended

Complaint (DE 24).  The Motion is fully briefed and ripe for review.  The Court has carefully

considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiffs Allan J. Dinnerstein, M.D. and Allan J. Dinnerstein, M.D., P.A., ("Plaintiffs")

bring a Second Amended Complaint ("SAC," DE 23) against Defendants, the Regional Program

Coordinator of the Volunteer Health Care Provider Program for Palm Beach County, and Diane

L. Carlson, an employee of the Florida Department of Health and the Regional Program

Coordinator from 2004-2007 (collectively, "Defendants").  (SAC ¶ ¶ 1-5.)

According to the allegations of the SAC, Plaintiffs entered into a contract with the Florida

Department of Health on August 1, 2005 under a volunteer provider healthcare program.  (SAC ¶

18.)  The regional program coordinator is an employee in charge of administering and operating the volunteer provider healthcare program. (SAC ¶ 15.)  Plaintiffs treated a patient pursuant to the volunteer provider healthcare program, and was later sued for medical malpractice.  Despite the provisions of the contract, Plaintiffs allege the Florida Department of Health did not allow them to assert sovereign immunity.  (SAC ¶ ¶ 26, 43.)

Plaintiffs assert that Defendants created or upheld an internal policy which prohibited health care providers in the volunteer provider healthcare program from contracting with separate entities to earn compensation for treating non-program participants. (SAC ¶ 16.) Plaintiffs also assert that Defendants had a policy of denying sovereign immunity to providers under the volunteer provider healthcare program when they were sued for providing care to volunteer provider healthcare program participants. (SAC ¶ 17.)  These policies allegedly were concealed from Plaintiffs. (SAC ¶ ¶ 26, 42.)  Plaintiffs claim these policies "shock the conscience." (SAC ¶ ¶ 13, 23, 30, 40.)

Attached to the SAC is the agreement between the Florida Department of Health and Dr. Dinnerstein. (Contract, DE 23-1.)   As part of that agreement, the Florida Department of Health had the right to refer patients to Dr. Dinnerstein and, in exchange, Dr. Dinnerstein would be treated as an agent of the state. (Contract at pg. 3, DE 23-1.)

The SAC states Plaintiffs bring a "civil action under 42 U.S.C. § 1983" against Defendants "for committing acts, under color of law, with the intent and for the purpose of depriving Dr. Dinnestein of rights secured under the Constitution and the laws of the United States through the fraudulent concealment of material information that prohibits Dr. Dinnerstein from contracting with outside parties in order to earn wages from non-Volunteer Healthcare

2

Provider Program providers or render emergency medical care to Volunteer Healthcare Provider Program patients resulting in the Plaintiffs being unable to enforce a contract entered into with the Florida Department of Health." (SAC ¶ 7.)

The first claim asserted in the SAC is entitled "Count I Based in Fraud against Regional Program Coordinator, Constitutional and Civil Rights Pursuant to 42 U.S.C. § § 1983 and 1988, Violation of Fourteenth Amendment." The second claim is entitled: "Count II Based in Fraud against Diane L. Carlson, Constitutional and Civil Rights Pursuant to 42 U.S.C. § § 1983 and 1988, Violation of Fourteenth Amendment."  Diane Carlson was the regional program coordinator from 2004 through 2007. (SAC ¶ 5.)

The Court's August 19, 2016 Order on a prior motion to dismiss noted that it was unclear what claims Plaintiffs sought to bring against Defendants.  For example, there was a passing reference to substantive due process, but it was not fully developed.  The Order directed Plaintiffs to identify and allege clearly the claims they wish to pursue.  (DE 22.)

Defendants move to dismiss the SAC on the following grounds: (1) the SAC does not allege conduct by Defendants that caused any constitutional deprivation; (2) the SAC fails to state a cause of action for substantive due process violations and (3) qualified immunity protects Defendants.

Plaintiffs respond that they assert claims for substantive due process. Specifically, Plaintiffs state that Defendants violated their rights to contract with the Florida Department of Health and the right to contract is a fundamental right.

## II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. Discussion

A review of the allegations in the SAC show that this is nothing more than a state law breach of contract case that does not raise any federal constitutional issues.  Plaintiffs were sued for medical malpractice, they sought sovereign immunity protection from the state pursuant to

4

the contract with the Florida Department of Health and that request was denied.  Nonetheless, Plaintiffs seek to make a federal case out of this common law breach of contract claim by asserting, in a conclusory fashion, that the Defendants' acts "shock[ ] the conscience" and therefore amount to constitutional violations. As will be discussed below, these claims do not raise any federal constitutional issues.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  Substantive due process protects fundamental rights "implicit in the concept of ordered liberty."  Palko v. Connecticut, 302 U.S. 319, 325 (1937).  Likewise, substantive due process protects against government action that "shocks the conscience."  Rochin v. California, 342 U.S. 165, 172 (1952).

The flaw in Plaintiffs' theory of the case is that section 1983 substantive due process rights are not available for non-legislative deprivations of state-created property interests. McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (no substantive due process claim based on allegation that the county terminated the plaintiff's employment by an arbitrary and capricious non-legislative government action); Abele v. Hernando County, 161 F. App'x 809 (11th Cir. 2005) ("Non-legislative deprivations of state-created property rights . . . cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrarily and irrationally.") (internal quotation marks omitted); North Fla. Educ. Development Corp. v. Woodham, 942 F. Supp. 542 (N.D. Fla. 1996) ("It is the law of this Circuit that state-created substantive rights taken away through executive or non-legislative governmental action may not form the basis for a substantive due process claim.").

5

Furthermore, the thrust of Plaintiffs' claim, which are essentially a contractual claims for indemnification, do not rise to constitutional violations. See Med. Laundry Svcs, a Div. of Oplco, Inc., v. Board of Trustees of Univ. of Ala., 906 F.2d 571, 573 (11th Cir. 1990) ("a simple breach of contract does not rise to the level of a constitutional deprivation"); Economic Development Corp. v. Stierheim, 782 F.2d 952 (11th Cir. 1986) (finding that plaintiff's contract with the county failed to afford it a constitutionally protected property interest); Braden v. Texas A & M University, 636 F.2d 90, 93 (5th Cir. Unit A Feb. 1981)[1] (section 1983 does not "make a federal cause of action out of every breach of contract by a state agency").

Plaintiffs have only shown they have a state contractual claim, and have not alleged the violation of a fundamental right. To be sure, Plaintiffs have made the conclusory allegation that Defendants acts shocked the conscience, but failed to provide supporting facts. At most, Plaintiffs claim that Defendants created a policy to deny them the ability to earn income from working in other capacities, denied them sovereign immunity and concealed these policies from them. In any event, "only the most egregious official conduct" qualifies as "'arbitrary [conduct shocking the conscience] in the constitutional sense.'" Cty. of Sacramento v. Lewis, 523 U.S. 833, 836, 846 (11th Cir. 1998). Even accepting such conclusory allegations, the Court finds, as a matter of law, they do not meet this high standard.[2]

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] Plaintiffs have attached multiple documents to their response memorandum, which is improper and the Court will not consider them. See Federal Ins. Co. v. Bonded Lightning Protection Systems, Inc., No. 07-80767-CIV, 2008 WL 5111260, at * 3 (S.D. Fla. Dec. 3, 2008)

Lastly, given that Plaintiffs have failed to plead a plausible constitutional claim, they cannot defeat Defendants' qualified immunity defense.  See Taylor v. Greene, No. 08–81054–CIV, 2010 WL 5248502, at * 4 (S.D. Fla. Dec. 10, 2010).

When a complaint fails to state a claim for relief, a district court need not allow an amendment: 1) where there has been  .  .  .  repeated failure to cure deficiencies by amendments previously allowed; or 2) where amendment would be futile. In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014).  In the instant case, Plaintiffs have had ample opportunity to amend, and it is apparent that permitting an additional opportunity to amend would be futile.  Moreover, the Court notes that Plaintiffs did not request leave to amend the SAC.  Wagner v. Daewoo Heavy Industries Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) ("[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never . . . requested leave to amend before the district court.").

For the foregoing reasons, the Complaint is dismissed with prejudice.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      Defendants' Motion to Dismiss Second Amended Complaint (DE 24) is

        **GRANTED**.  The Complaint is dismissed with prejudice.

2)      The Court shall separately enter Judgment for Defendants.

_____

(refusing to consider extraneous documents attached by a plaintiff in response to a motion to dismiss).

3)      The Clerk shall close the case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 26th day of October, 2016.

_____
KENNETH A. MARRA
United States District Judge